UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br> v.<br><br>Sheena Elkind,<br><br>    Defendant | Case No. 2:22-cr-00284-CDS-VCF<br><br>**Order Denying Motion for Sentence Reduction**<br><br>[ECF No. 95] |

  Defendant Sheena Elkind is serving a one year and one day sentence for unlicensed money transmitting and possession with intent to distribute a controlled substance—Fentanyl. She now moves for a sentence reduction pursuant to Amendment 821 to the U.S. Sentencing Guidelines (Amendment 821). ECF No. 95. The Federal Public Defender of the District of Nevada, appointed under Amended General Order 2023-09, filed a notice of non-eligibility. ECF No. 104. Because Elkind does not qualify for an adjustment to her criminal-history points or her offense level, I deny the motion for a sentence reduction.

**I. Legal standard**

  A court may reduce a defendant's sentence if the "term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). On November 1, 2023, Amendment 821 went into effect. The Amendment was given retroactive effect beginning February 1, 2024. U.S.S.G. 1B1.10(e)(2).

  Under the newly amended § 4A1.1 guideline (Criminal History Category), a defendant with seven or more criminal-history points may receive a one-point reduction in status points, while a defendant with six or fewer criminal-history points may have their status points eliminated for committing offenses while under a criminal-justice sentence. Under the newly

amended § 4C1.1 (Adjustment for Certain Zero-Point Offenders), a defendant with zero criminal-history points, whose offense did not involve specific aggravating factors, may receive a two-level decrease in offense level.

II.     Discussion

Elkind contends that she is eligible for a sentence reduction under § 4C1.1. ECF No. 95 at 2. Elkind asserts that because she has zero criminal history points, and her case does not involve any of the excludable criteria for preclusion, she deserves a two-point reduction which would decrease her total offense level to 21 resulting in a 37–46 month sentencing range. *Id.* However, Elkind's counsel has determined that she does not qualify for a sentence reduction. ECF No. 104. I agree with counsel.

Elkind was sentenced with zero criminal-history points, so it is impossible to reduce her status points any further under § 4A1.1. Moreover, Elkind does not qualify for an adjustment under § 4C1.1 because a firearm was located within her residence at the time agents discovered she possessed the narcotics.[1] PSR, ECF No. 78 (sealed) at ¶¶ 54-55. This is considered an aggravating factor sufficient to disqualify her from an adjustment under § 4C1.1(a)(7). U.S. Sent'g Guidelines Manual ch. 4, pt. C, Adjustments for Certain Zero-Point Offenders (U.S. Sent'g Comm'n 2023). Thus, no sentence reduction is appropriate in this case.

III.    Conclusion

IT IS THEREFORE ORDERED that defendant's motion for a sentence reduction **[ECF No. 95] is DENIED** with prejudice.

Dated: February 16, 2024

_____
Cristina D. Silva
United States District Judge

---

[1] While a firearm was located, no firearm enhancement was applied at sentencing.